# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59249-5-II |
| Respondent, | |
| v. | |
| MICHAEL DONAVAN BEAL, II, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Michael Beal, II appeals his standard range sentence following a second resentencing on his convictions for vehicular homicide, failure to remain at an accident resulting in death, and attempting to elude a pursuing police vehicle. He argues that the trial court erred when it (1) concluded that he failed to establish that two of his prior offenses, a first degree theft and a third degree assault, were the same criminal conduct; and (2) improperly failed to consider his rehabilitation while in prison before imposing the sentence.

We hold that (1) the trial court did not abuse its discretion in ruling that that the theft and assault did not constitute the same criminal conduct, and (2) the trial court did not err in resentencing Beal because it considered Beal's rehabilitation. Accordingly, we affirm Beal's sentence.

FACTS

*Background*

In June 2017, while being pursued by law enforcement, Beal caused a multi-vehicle collision that resulted in another driver's death. In January 2018, Beal pleaded guilty to the amended charges of first degree manslaughter, vehicular homicide, failure to remain at an accident resulting in death, and attempting to elude a pursuing police vehicle.

The trial court determined that Beal's offender scores were 12 points for the first degree manslaughter and failure to remain at the scene convictions and 11 points for the vehicular homicide and attempting to elude convictions. These offender scores included points for two convictions for unlawful possession of a controlled substance. The offender scores also included one point each for his 2000 third degree assault and first degree theft convictions in Spokane County.

The trial court did not find that any of Beal's prior convictions constituted the same offense for the purpose of determining his offender score. The court sentenced Beal to 280 months for the first degree manslaughter and vehicular homicide convictions, 120 months for the failure to remain at an accident resulting in death conviction, and 29 months for the attempting to elude conviction. All of the sentences were within the standard ranges.

In 2021, the Supreme Court issued *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), which held that the statute defining unlawful possession of a controlled substance was constitutionally void. In October 2021, a different judge issued an order correcting Beal's sentence in light of *Blake*. The judge reduced Beal's offender scores to 9 points for the first degree manslaughter and vehicular homicide convictions and 10 points for the failure to remain at an accident resulting in death and the attempting to elude convictions. Although the standard

sentencing ranges were the same as in the original sentencing, the judge adjusted Beal's sentences to 268 months for the first degree manslaughter conviction and for the vehicular homicide conviction. The sentences remained the same for the other convictions.

Beal subsequently filed a personal restraint petition (PRP) in which he argued that his vehicular homicide and first degree manslaughter convictions violated the prohibition against double jeopardy. In July 2023, this court granted Beal's PRP, vacated the manslaughter conviction, and remanded for resentencing.

*Second Resentencing*

At his second resentencing hearing before the original trial court, Beal argued that his 2000 first degree theft and third degree assault convictions constituted the same criminal conduct and should count as only one point in his offender score. In support, Beal submitted the police incident report and the first page of the judgment and sentence for these offenses.

The police report stated that Beal entered a Fred Meyer store, concealed several items on his person, and then left the store without paying. A security officer followed Beal into the parking lot, where Beal entered a waiting car. When the security officer attempted to apprehend Beal, Beal started punching him in the stomach.

The judgment and sentence showed that Beal had pleaded guilty to first degree theft and third degree assault charges; that the two offenses were committed on the same day; and that the theft was charged under RCW 9A.56.030(1)(b), which required that Beal take the property "from the person of another."

The trial court concluded that the first degree theft and the third degree assault were two distinct crimes and that Beal had not met his burden of establishing that they constituted the same criminal conduct.

Beal also argued that the trial court should consider evidence of his rehabilitation efforts and changed circumstances. In support of this argument, Beal submitted several statements from fellow inmates and a former employer discussing his good character and numerous documents recording his academic and other achievements obtained while he had been serving his sentence.

Before pronouncing sentence, the trial court stated that it had examined Beal's history and had "taken into consideration the advances that Mr. Beal has made . . . while in prison." Rep. of Proc. (RP) at 27. And after Beal's allocution, the court commended Beal for making himself a better person while in prison. The court then stated, "[W]hen you look through all of this, it does call for the Court to impose a sentence that I already have imposed. I've already reduced the sentence. I'm not going to reduce it twice. I took into consideration your progress already when I reduced it once before, right?" RP at 30-31.

Beal's attorney then pointed out that a different judge had conducted the second sentencing. The court responded, "But nevertheless, it's already been taken into consideration. I'm not going to reduce it any further." RP at 31. The court imposed the same sentences as the second resentencing: 268 months for the vehicular homicide conviction, 120 months for the failure to remain at an accident resulting in death conviction, and 29 months for the attempting to elude conviction.

Beal appeals his sentence.

ANALYSIS

A. SAME CRIMINAL CONDUCT

Beal argues that the trial court erred when it refused to consider the first degree theft and third degree assault as the same criminal conduct because both crimes involved the same objective intent. We disagree.

4

1.    Legal Principles

Inherent in the sentencing scheme of the Sentencing Reform Act of 1981, chapter 9.94A RCW, "is a presumption that two or more current offenses and all prior offenses are counted separately in calculating an offender score." *State v. Jackson*, 28 Wn. App. 2d 654, 662, 538 P.3d 284 (2023), *review denied*, 2 Wn.3d 1027 (2024).

However, prior offenses that are found to encompass the same criminal conduct must be counted as one offense.  RCW 9.94A.525(5)(a)(i).[1]  Under RCW 9.94A.589(1)(a), two or more offenses constitute the same criminal conduct when they "require the same criminal intent, are committed at the same time and place, and involve the same victim."  Unless all three elements are present, the offenses are not the same criminal conduct.  *State v. Westwood*, 2 Wn.3d 157, 162, 534 P.3d 1162 (2023).  The defendant has the burden of showing that the offenses constitute the same criminal conduct.  *Id*.

We review the trial court's same criminal conduct determination for an abuse of discretion or misapplication of law.  *Id*.  Under this standard, a court abuses its discretion if the record supports only one conclusion regarding same criminal conduct and the court makes a contrary ruling.  *State v. Canter*, 17 Wn. App. 2d 728, 742, 487 P.3d 916 (2021).  But where "the record adequately supports either conclusion, the matter lies in the court's discretion."  *Id.*

2.    Analysis

Beal fails to demonstrate that the trial court abused its discretion when it concluded that the first degree theft and third degree assault were separate crimes because these crimes do not share the same objective intent as defined by their statutory definitions.

---

[1] RCW 9.94A.525 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language we rely on, we refer to the current statute.

In *Westwood*, the Supreme Court explained that when determining whether the crimes involve the same criminal intent, we first identify the statutory definitions of the crimes to determine the objective intent for each crime. 2 Wn.3d at 167-68. If the objective intent for each crime is different, our inquiry ends and the convictions are not the same criminal conduct. *Id*. at 168. If the statutory objective intents are the same or similar, then "courts can then look at whether the crimes furthered each other and were part of the same scheme or plan." *Id*.

The definition of theft requires that the defendant wrongfully obtain or exert unauthorized control over the property or services of another with the intent to deprive the person of such property or services. RCW 9A.56.020(1)(a). Beal pleaded guilty to first degree theft under RCW 9A.56.030(1)(b),[2] which requires a theft of property that is "taken from the person of another."

Third degree assault under RCW 9A.36.031(1)(f) requires that a person "[w]ith criminal negligence, cause[ ] bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering." A person "acts with criminal negligence when he or she fails to be aware of a substantial risk that a wrongful act may occur and his or her failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable person would exercise in the same situation." RCW 9A.08.010(1)(d).

Here, under *Westwood*, we need not decide whether the crimes furthered each other and were part of the same scheme or plan because, when viewed objectively, the convictions do not share the same statutory objective intent. First degree theft required that Beal take property from the person of another with the intent to deprive. But third degree assault required that Beal

---

[2] RCW 9A.56.030 has been amended numerous times since 1999, but we cite to the current version of the statute because the relevant portion of the statute has not changed.

negligently inflict bodily harm. First degree theft does not require negligent infliction of bodily harm. Because the two crimes require different intents, we hold that the trial court did not abuse its discretion by concluding the crimes were not the same criminal conduct.[3]

B.      REHABILITATION EVIDENCE

Beal argues that the trial court erred in imposing his standard range sentence because the court failed to consider his rehabilitation while in prison. We disagree.

The general rule is that a sentence within the standard sentence range for an offense may not be appealed. RCW 9.94A.585(1); *State v. Glant*, 13 Wn. App. 2d 356, 376, 465 P.3d 382 (2020). However, this rule does not apply to the procedure by which a standard range sentence is imposed. *In re Pers. Restraint of Marshall*, 10 Wn. App. 2d 626, 635, 455 P.3d 1163 (2019). Beal challenges the trial court's procedure, arguing that the court did not conduct a de novo resentencing because it failed to consider his rehabilitation.

A trial court has discretion to consider post-conviction rehabilitation at resentencing. *State v. Dunbar*, 27 Wn. App. 2d 238, 247, 532 P.3d 652 (2023). But the record shows that the trial court considered the rehabilitation evidence that Beal presented at the resentencing hearing before imposing sentence. The court stated that it had "taken into consideration the advances that Mr. Beal has made . . . while in prison." RP at 27. Later, the court stated, "I can't say that I'm disappointed at all that you're doing everything you can to make yourself a better person; that is good." RP at 30. And although the court initially was confused that it had reduced Beal's

---

[3] Although it is not entirely clear from the record why the trial court concluded that these crimes were two separate crimes and did not amount to same criminal conduct, we can affirm on any grounds that the record supports. *State v. Gudgell*, 20 Wn. App. 2d 162, 183, 499 P.3d 229 (2021).

sentence at the second resentencing, the court surmised that the other judge's sentence reduction was based on a consideration of Beal's rehabilitation.

The trial court considered Beal's rehabilitation and decided that the rehabilitation did not warrant a lower sentence. That decision was within the court's discretion.

We hold that the trial court did not err in imposing Beal's standard range sentence.

CONCLUSION

We affirm Beal's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
CRUSER, C.J.


_____
PRICE, J.